**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Troy URIE, Defendant—Appellant.**

**No. 05–10202.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 30, 2006.

---

Thomas E. Flynn, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

John P. Balazs, Esq., Sacramento, CA, for Defendant–Appellant.

Before: BEEZER and FISHER, Circuit Judges, and TIMLIN, Senior District Judge.*

MEMORANDUM **

Urie appeals his conviction following a jury trial for conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. Urie argues that the district court erred in granting the government's motion to admit evidence under Fed.R.Evid. 404(b) of an uncharged

---

* The Honorable Robert J. Timlin, Senior Judge for the United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

but similar prior fraud scheme in which Urie allegedly participated. He also argues that the district court erred in denying his motion to present the testimony of an alleged expert witness on Nigerian culture under Fed.R.Evid. 702. Finally, Urie argues for the first time on appeal that the prosecutor engaged in improper conduct during cross-examination and closing argument.

We affirm the district court's evidentiary rulings, but hold that the prosecutor improperly vouched for the credibility of government witnesses. Because the prosecutor's misconduct was so prejudicial that it deprived Urie of a fair trial, we reverse the conviction and remand for a new trial.[1]

## I. Admission of "other acts" evidence under Rule 404(b)

We review for abuse of discretion a district court's decision to admit evidence under Fed.R.Evid. 404(b), *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002) (per curiam), as well as its balancing of the probative value of evidence against its prejudicial effect under Fed.R.Evid. 403. *United States v. Plancarte–Alvarez*, 366 F.3d 1058, 1062 (9th Cir.2004).

■ Urie conceded before the district court that the evidence of his prior involvement in the uncharged fraud scheme satisfied the four-part test of admissibility under Rule 404(b). *See United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993). We agree. The government introduced the evidence of the prior scheme—which was strikingly similar to the charged scheme—to disprove Urie's claim that he did not know the charged scheme was a fraud. In addition, there was sufficient evidence from which the jury could conclude that Urie was involved in the uncharged prior scheme, and the two schemes were only three months apart and therefore not too remote in time. *See id.* at 603–04.

We further hold that the district court did not abuse its discretion under Rule 403, because the prejudicial impact of the evidence did not substantially outweigh its probative value. *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir.1998). Although the similarity between the prior acts and the current offenses certainly may have been prejudicial, *see United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir.1990), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), the district court was correct to conclude that any such prejudice was not unfair or inflammatory. *See United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1327 (9th Cir.1992); *cf. United States v. Hadley*, 918 F.2d 848, 852 (9th Cir.1990) (deeming admissible under Rule 403 prior evidence of sexual molestation of minors). Moreover, throughout the trial and in the jury instructions, the district court gave appropriate limiting instructions about the proper use of the prior fraud evidence, which further reduced the possibility of unfair prejudice. *See United States v. Bradshaw*, 690 F.2d 704, 709 (9th Cir.1982).

Thus, the district court did not abuse its discretion in admitting evidence of the prior fraud scheme.

## II. Denial of Cultural Expert Testimony

We review for abuse of discretion the district court's decision whether to exclude expert testimony. *Jinro America Inc. v.*

---

1. Because the parties are familiar with the facts of this case, we recite them only as necessary to our decision.

*Secure Investments, Inc.,* 266 F.3d 993, 1001 (9th Cir.2001).

As an initial matter, we reject Urie's contention that the admissibility test articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), does not bar Urie's proffered expert from testifying under Fed.R.Evid. 702. The Supreme Court "expressly extended *Daubert's* standard of 'evidentiary reliability' to all experts, not just scientific ones." *Jinro,* 266 F.3d at 1005 (quoting *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147–48, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

■ Here, the district court did not abuse its discretion in determining that Urie's purported expert witness was unqualified to give reliable testimony. The witness' qualifications as an expert were based only on the fact that he grew up in Nigeria and claimed to be "intimately familiar with Nigerian culture." He had no education or training as a cultural expert generally, or as an expert on Nigerian culture specifically. *Cf. Jinro,* 266 F.3d at 1006. Urie's purported expert's testimony would have amounted to the kind of "cultural stereotyp[ing]" testimony that "should not [be] dignified as expert opinion." *Id.* Finally, the district court did not abuse its discretion in determining that the proposed expert testimony went to Urie's state of mind as an element of the charged offenses and was therefore excludable under Rule 704(b). *See United States v. Verduzco,* 373 F.3d 1022, 1034 (9th Cir. 2004).

## III. Improper Statements by Prosecutor

Finally, Urie argues for the first time on appeal that the prosecutor impermissibly asked him during cross-examination whether an FBI agent had "made up" some of the statements on the agent's notes. He also argues that the prosecutor vouched for the credibility of its witness during closing argument and referred to facts not presented at trial. When, as here, the defendant did not object at trial, we review for plain error a defendant's claim of prosecutorial misconduct and improper vouching. *United States v. Sanchez,* 176 F.3d 1214, 1218 (9th Cir.1999). Under the plain error standard, reversal is appropriate "only if the prosecutor's improper conduct so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [the defendant] of a fair trial." *United States v. Smith,* 962 F.2d 923, 935 (9th Cir.1992).

We reject Urie's contention that the prosecutor during closing argument improperly relied on evidence not presented at trial. The prosecutor's reference to the absent bank teller who "would have cleared everything up" is ambiguous in context, and there was no objection at the time that might have clarified the record. We do, however, conclude that the prosecutor engaged in other conduct sufficiently prejudicial to warrant reversal. *See United States v. Hermanek,* 289 F.3d 1076, 1097 (9th Cir.2002).

■ First, we agree with Urie that on cross-examination the prosecutor asked an improper question that compelled Urie to give his opinion regarding the veracity of a law enforcement officer's testimony. *See Sanchez,* 176 F.3d at 1219–20 (holding that a prosecutor's questions were in error because they "compelled [the defendant] to give his opinion regarding the credibility of a deputy marshal"). Given the settled rule of this circuit—at least since 1999—we hold that the prosecutor's error was plain.

More importantly, and as the government itself concedes, the prosecutor's statements to the jury that it could convict

Urie only if it believed the government's witnesses were lying constitute improper vouching. *See id.* at 1224. For example, the prosecutor told the jury in closing that

> in order to find Urie not guilty, you would have to believe that Katie McGuire lied.... You'd have to believe Nicodemus Blanchard lied.... In order to acquit, you'd have to believe that three FBI agents with 10, 17, 19 years' experience *would risk their careers by perjuring themselves, fabricating evidence to convict Urie.* (Emphasis added.)

In rebuttal, the prosecutor reminded the jury that "[y]ou cannot acquit Urie unless you believe that Agent Snodgrass, Agent Artley made stuff up out of whole cloth. Agent Baker got up there and lied and made it all up."

It is improper vouching for a prosecutor to place "the prestige of the government behind a witness by expressing his or her personal belief in the veracity of the witness." *Hermanek,* 289 F.3d at 1098. Moreover, the prosecutor's vouching for the credibility of FBI agents was particularly egregious because it suggested that "the existence of legal and professional repercussions served to ensure the credibility of the officers' testimony." *United States v. Weatherspoon,* 410 F.3d 1142, 1146 (9th Cir.2005); *see Sanchez,* 176 F.3d at 1224 (noting that "prosecutors have been admonished time and again to avoid statements to the effect that, if the defendant is innocent, government agents must be lying" (quoting *United States v. Richter,* 826 F.2d 206, 209 (2d Cir.1987))).

Although the prosecutor's errors were plain, the question remains whether they were "so prejudicial to [Urie's] substantial rights that a new trial is required." *Weatherspoon,* 410 F.3d at 1150. We hold that they were.

To determine whether the prosecutor's misconduct affected the jury's verdict, we first look to the substance of a curative instruction. *United States v. Kerr,* 981 F.2d 1050, 1053 (9th Cir.1992). Although the district court offered a generalized curative jury instruction reminding jurors that "arguments and statements by lawyers" do not constitute evidence, this instruction did not neutralize the harm of the prosecutor's improper statements because it "did not mention the specific statements of the prosecutor and [was] not given immediately after the damage was done." *Id.* at 1054.

We next look to the strength of the case against Urie, keeping in mind that the possibility of prejudicial effect resulting from vouching is increased in cases where credibility is of particular importance. *Weatherspoon,* 410 F.3d at 1151. Here, the government's case depended in large measure on witness credibility, including the testimony of two cooperating co-defendants and the FBI agents. The government presented no evidence to show that Urie was at the warehouse when the others were arrested, nor was he seen during any of the FBI's surveillance of the warehouse. The government presented phone records to show Urie's contacts with McGuire, Orji and Ladi, but the substance of the calls was not presented to the jury and Urie provided explanations for the calls. *Cf. Kerr,* 981 F.2d at 1054 (noting that the government's evidence of phone and travel records corroborating that some of the witnesses had communicated with Kerr "did not ... independently prove any wrongdoing" and that the government's theory of the case "depended on the detailed testimony of Kerr's alleged coconspirators"). Similarly, Urie denied that he admitted to the agents his knowledge of the fraud, and although he admitted purchasing the cashier's check, he denied doing so for purposes of the fraud. Although

the government presented testimony to contradict that of Urie, it also tried to discredit him by improperly vouching for its own witnesses.

The prosecutor's repeated instances of vouching in a case in which the testimony of the "vouched" witnesses was a crucial piece of both the government's evidence and the prosecutor's argument lead us to conclude that the misconduct prejudiced Urie. *See also Weatherspoon*, 410 F.3d at 1151; *Kerr*, 981 F.2d at 1054. Because the district court's curative jury instructions did not effectively mitigate that harm, we hold that the prosecutor's improper conduct was so prejudicial that it tainted the verdict and deprived Urie of a fair trial. *Smith*, 962 F.2d at 935. We therefore reverse the conviction and remand the case for a new trial.

**AFFIRMED in part, REVERSED in part and REMANDED.**

---

[*] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.