J-S19036-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL ALLEN KIRKSEY, | : | |
| | : | |
| Appellant | : | No. 4011 EDA 2017 |

Appeal from the Judgment of Sentence October 3, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002741-1986

BEFORE:  LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JULY 26, 2019**

Carl Allen Kirksey (Appellant) appeals from the October 3, 2017 judgment of sentence imposed following a resentencing hearing pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012).[1]  On appeal, Appellant challenges the court's dismissal of his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as to his after-discovered evidence claim. Upon review, we affirm.

The PCRA court aptly summarized the underlying facts.

> On April 13, 1986, at approximately 7:30 p.m., [Appellant, who was 17 years old at the time,] and two other individuals went to the home of Walter Lee Robinson in the city of Chester, Delaware County. [Appellant's] girlfriend at the time, Robinson's

---

[1] In ***Miller***, the United States Supreme Court held that a "mandatory [sentence of] life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments."  567 U.S. at 465 (internal quotation marks omitted).

---

* Retired Senior Judge assigned to the Superior Court.

niece, was present when the three young men knocked on the door and were all admitted into the home. Upon entering, one of the young men pointed a sawed-off shotgun at Robert Grant, who was visiting Robinson at the time. [Appellant] then exclaimed, "No, not him, the other one[,"] and the gunman then turned and pointed the shotgun at Robinson, who was coming out of the kitchen area at the time. The gunman fired one shot at Robinson and the three men then fled the scene. [Appellant] returned minutes later to retrieve the shotgun that had been left on the living room floor and again left the scene. Robinson was transported to the hospital following the shooting and died a short while later.

PCRA Court Opinion, 10/4/2018, at 1.

[Appellant] was found guilty of murder in the second degree, robbery, conspiracy, and possession of prohibited offensive weapons following trial by jury on October 23, 1986. Post-trial motions were denied, and [Appellant] was sentenced, on July 13, 1987, to life imprisonment for murder and to a concurrent term of imprisonment of not less than three nor more than six years for conspiracy. On direct appeal to the Superior Court, the judgment of sentence was affirmed. *Commonwealth v. Kirksey*, [] 544 A.2d 1042 ([Pa. Super.] 1988) [(unpublished memorandum) (*Kirksey I*)]. The Pennsylvania Supreme Court denied *allocatur*. *Commonwealth v. Kirksey*, [] 552 A.2d 250 ([Pa.] 1988).

*Commonwealth v. Kirksey*, 576 A.2d 1134 (Pa. Super. 1990) (unpublished memorandum at 1) (*Kirksey II*) (unnecessary capitalization altered and parenthetical numbers omitted).

Following several unsuccessful PCRA petitions, Appellant filed another petition on June 15, 2011. In that petition, Appellant averred he was entitled to relief based on after-discovered evidence, and that this evidence

- 2 -

satisfied the newly-discovered facts exception to the PCRA's time-bar.[2] *Pro se* PCRA Petition, 6/15/2011, at 3, 7.

> The newly[-]discovered [facts] upon which Appellant relies is a letter written by his sister, Gladys Kirksey, which Appellant received on April 19, 2011. In that correspondence, Gladys admitted that she forged a note implicating Appellant in the murder. She alleged that she turned that fabricated note over to police claiming that Appellant had written it. Moreover, Gladys admitted that she also gave a false statement to police in which she inculpated Appellant in the murder. Gladys stated that she fabricated evidence and lied to police because she was severely addicted to crack cocaine.
>
> Appellant filed his *pro se* PCRA petition within 60 days of his receipt of Gladys'[s] letter. Therein, he averred that the information in the letter was previously unknown to him, and that he could not have obtained it by exercising due diligence because Gladys had a severe drug addiction and was estranged from his family. He also claimed that he repeatedly asked his various attorneys to investigate Gladys'[s] allegations that he committed the murder, but none of his attorneys followed this directive. As such, he maintained that he satisfied the [newly]-discovered [facts] exception.

*Commonwealth v. Kirksey*, 62 A.3d 460 (Pa. Super. 2012) (unpublished memorandum at 5-6) (*Kirksey III*).

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and Appellant responded. The PCRA court dismissed the petition as untimely filed.

---

[2] *See* 42 Pa.C.S. § 9545(b)(1)(ii) (providing an exception to the PCRA's time-bar where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

On appeal to this Court, we held that Appellant had satisfied the newly-discovered facts exception to the PCRA's time-bar, and therefore vacated the PCRA court's order and remanded for an evidentiary hearing on the after-discovered evidence claim. *Id.* (unpublished memorandum at 7-8).[3]

On remand, the PCRA court appointed counsel for Appellant.[4] On April 12, 2013, Appellant, through counsel, filed a supplement to Appellant's PCRA petition, adding a claim that Appellant's sentence was illegal pursuant to *Miller*. Supplemental Amendments to Amended PCRA Pursuant to the Post Conviction Relief Act, 4/12/2013, at 2, 4-5 (unnumbered). This filing also contained a discovery motion for the fabricated note, which the PCRA court granted. The Commonwealth ultimately recovered and disclosed a note, which was attached to a property receipt dated April 16, 1986, containing a "note written by [Appellant] given to Gladys Kirksey[.]" Commonwealth

---

[3] Because the preliminary hearing transcript was not included in the certified record, this Court was unable to address the Commonwealth's argument that "this evidence was previously discoverable because Gladys testified at Appellant's preliminary hearing that she fabricated the note and lied in her statement to police." *Kirksey III*, 62 A.3d 460 (unpublished memorandum at 8 n.2). As such, this Court noted that on remand, the PCRA court would be in a better position to address this issue in determining whether Gladys's April 19, 2011 letter necessitated a new trial for Appellant. *Id.*

[4] Appellant sought to represent himself with standby counsel. A hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 1 (Pa. 1998), was held on February 14, 2013. At the conclusion of the hearing, the PCRA court denied Appellant's request.

PCRA Exhibit 2.  The note stated "Tell Heidi to tell Duncan that I lock up because of Jeannette."  *Id.*; N.T., 11/25/2014, at 27.

The Commonwealth filed a motion to strike the supplemental amendments to Appellant's *pro se* PCRA petition regarding the **Miller** claim. Motion to Strike, 4/30/2013.  The PCRA court did not rule on the Commonwealth's motion, but implicitly permitted the amendment of Appellant's petition as the PCRA court held an evidentiary hearing on both Appellant's after-discovered evidence and **Miller** claims on November 25, 2014.  Appellant and Gladys testified at the hearing.  After taking the matter under advisement, the PCRA court denied Appellant's after-discovered evidence claim, finding that Gladys was not credible and that the evidence would not have resulted in a different verdict.  PCRA Court Opinion, 9/24/2015, at 6.  Additionally, the PCRA court denied Appellant's **Miller** claim based upon our Supreme Court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013) (holding that **Miller** did not apply retroactively).  PCRA Court Opinion, 9/24/2015, at 6.

Appellant timely filed a notice of appeal to this Court on October 22, 2015 (2015 appeal), claiming the PCRA court erred in denying relief based on his after-discovered evidence and **Miller** claims.  Pa.R.A.P. 1925(b) Concise Statement, 11/16/2015.  We glean from the record that Appellant and the Commonwealth filed a joint petition for this Court to remand on the **Miller** claim, which this Court denied.  Subsequently, in his brief, Appellant

again requested remand solely on the *Miller* claim and did not present any argument as to his after-discovered evidence claim. Before reaching the merits of Appellant's claims and without addressing the after-discovered evidence claim, this Court issued a *per curiam* order remanding the case to the PCRA court for further proceedings on his *Miller* claim in light of *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016) (holding that *Miller* applies retroactively to cases on collateral appeal), and relinquishing jurisdiction. *Per Curiam* Order, 8/8/2016.

On remand, PCRA counsel was permitted to withdraw and new counsel was appointed for resentencing. Order, 9/1/2016. On October 3, 2017, following a September 21, 2017 hearing, Appellant was resentenced to a term of 31 years to life imprisonment. On October 12, 2017, Appellant filed a post-sentence motion seeking a term-of-years maximum sentence. The motion was denied on October 17, 2017.

This timely-filed appeal followed. In his court-ordered Pa.R.A.P. 1925(b) statement, Appellant raised a discretionary-aspects-of-sentencing claim, and again raised a claim that the PCRA court erred in dismissing his PCRA petition in light of the after-discovered evidence. The court issued a Pa.R.A.P. 1925(a) opinion. In his brief, Appellant abandons the discretionary-aspects-of-sentencing claim and challenges only the PCRA court's denial of his after-discovered evidence claim. Appellant's Brief at 4.

Preliminarily, we note that Appellant raised this same claim in his 2015 appeal, but abandoned it in favor of remand on his *Miller* claim. Specifically, in his brief in the 2015 appeal, Appellant presented argument solely on his *Miller* claim, but requested that he be permitted to pursue the after-discovered evidence claim if this Court denied his remand request. Because we granted Appellant's remand request, this Court did not address his alternative request to file a supplemental brief arguing his after-discovered evidence claim. Because Appellant abandoned this after-discovered evidence claim by failing to present any meaningful argument when it was ripe for disposition in the 2015 appeal, we find it waived.

However, even if we were to excuse waiver based on the foregoing procedural complexity and because this Court remanded without addressing Appellant's after-discovered evidence claim, Appellant is still not entitled to relief.

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Johnson*, 51

A.3d 237, 242-43 (Pa. Super. 2012) (*en banc*) (citation and quotation marks omitted).

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

***Commonwealth v. Rivera***, 939 A.2d 355, 359 (Pa. Super. 2007) (citation omitted).

At the PCRA hearing, Gladys testified that on April 16, 1986, she gave a false statement to police implicating Appellant in the murder, and while she was at the police station, she fabricated a note from Appellant, due to threats from the police. N.T., 11/25/2014, at 37-40, 44, 46. Specifically, the PCRA court recounted that on April 16, 1986,

> Gladys gave a statement to the Chester Police in which she stated, "I was in the police van on 4-16-86 when [Appellant] handed a note to me and told me to tell Heidi to tell Duncan that he is locked up because of Jeannette." In her statement, Gladys also provided the police with information tying [Appellant] to the scene of the murder and told the police that he kept a gun in the house. Gladys'[s] statement reflects that she told the police that she was not under the influence of any drugs or intoxicating liquors at the time she gave her statement.

PCRA Court Opinion, 3/2/2016, at 8 (citations omitted). Nonetheless, Gladys testified at the hearing that she could not remember much from that time period because of her cocaine addiction, and that the statement and

- 8 -

note were provided after a three-day cocaine binge. N.T., 11/25/2014, at 41-42, 46, 55.

Gladys confirmed that she denied her April 16, 1986 statement was true at Appellant's preliminary hearing, but subsequently reaffirmed the statement during an interview with the District Attorney's Office prior to Appellant's trial. *Id.* at 65; Statement of Gladys Kirksey, 9/4/1986, at 35 (Commonwealth PCRA Exhibit 4). Both Gladys and Appellant testified that Appellant did not write the note. N.T., 11/25/2014, at 43, 120, 124, 134. However, Appellant contests that the recovered note was the same note as the one police showed him on April 17, 1986. According to Appellant, while he could not recall the contents of the note due to the passage of time, it was on a long sheet of blue paper and contained a lot of information, including that "the gun is here" and "he shot, he missed." *Id.* at 157-58, 160, 166-67.

At the hearing, Appellant argued that Gladys's fabricated note and false statement provided the crux for his arrest warrant in the murder case, and that his confession was a direct result of the police showing him these documents. *Id.* at 125-26, 157, 159, 163, 178. ***But see*** Affidavit of Probable Cause, 4/17/1986 (Commonwealth PCRA Exhibit 6) (containing no reference to a note, but relying in part on statements given by Muril Jones and Gladys).

In denying Appellant's claim, the PCRA court found that the evidence presented would not have resulted in a different outcome because "Gladys did not testify at [Appellant's] trial. The statement that she now denies making, or if made was made as a result of police coercion, was never mentioned at trial. The allegedly 'fabricated note'—the after[-]discovered evidence—similarly was never mentioned at [Appellant's] trial." PCRA Court Opinion, 3/2/2016, at 8 (emphasis removed).

> Instead, the record reveals that [Appellant's] conviction for the murder of [] Robinson was based upon an eyewitness account by Muril Jones, as well as the testimony of Robert Grant and officers of the Chester Police Department. [Appellant's] conviction was additionally based upon his own statement to the police. Accordingly, regardless of Gladys['s] allegations, and even if they were true, none of them would "likely compel a different verdict."

*Id.* at 11 (citations omitted).

On appeal, Appellant disagrees with the PCRA court's conclusion because even though Gladys did not testify at trial, without the statement or note, he claims the police would not have had probable cause to arrest Appellant for murder, and Appellant therefore would never have confessed. Appellant's Brief at 17, 21. However, the PCRA court made a determination that Gladys was not credible as to the fabrication of the note or the falsity of her statement. We are bound by that credibility determination as long as it is supported by the record. *See Johnson*, 51 A.3d at 242-43. In addition, the affidavit of probable cause did not mention Gladys's note, but did mention other evidence tying Appellant to the murder independent of

Gladys's statement. **See** Affidavit of Probable Cause, 4/17/1986 (Commonwealth PCRA Exhibit 6)

Upon review, we conclude that the PCRA court's determination is supported by the record. Because Gladys's testimony that she fabricated the note and gave a false statement was found not to be credible, the PCRA court concluded that the evidence was not of such a nature that a different outcome was likely. **See Rivera**, 939 A.2d at 359; **cf. Commonwealth v. Small**, 189 A.3d 961, 977 (Pa. 2018) (citation and internal quotation marks omitted) ("Unless the [PCRA] court is satisfied that the recantation is true, it should deny a new trial."). We find the PCRA court's conclusion to be supported by the record and free of error.

Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's after-discovered evidence claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/19