COMMONWEALTH of Pennsylvania,
Appellee

v.

Carlos RIVERA, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 18, 2007.

Filed Dec. 3, 2007.

Reargument Denied Feb. 7, 2008.

Burton A. Rose, Philadelphia, for appellant.

Peter Carr, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

BEFORE: MUSMANNO, PANELLA and DANIELS, JJ.

OPINION BY DANIELS, J.:

¶ 1 Appellant appeals from the judgment of sentence imposed on September 22, 2006. For the following reasons, we remand this case to the trial court for an evidentiary hearing on the after-discovered evidence issue.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶ 2 The underlying incident in this case occurred on November 14, 2002, in Philadelphia. An undercover detective, Sergeant DiJoseph, from the New Jersey State Police arranged a drug buy with Appellant. When it appeared that the drug deal would close, Sergeant DiJoseph signaled Philadelphia police who were serving as backup. When Appellant noticed the signal, he retreated. A brief chase ensued. Police apprehended the Appellant and also recovered a discarded bag of what would later be determined to contain 137.5 grams of cocaine, which Appellant had arranged to sell to the police for $4,500.00.

¶ 3 On October 14, 2005, a jury found Appellant guilty of possession of controlled substances with intent to deliver [1], possession of controlled substances,[2] and criminal conspiracy.[3] Immediately upon the jury's delivery of the guilty verdict, bail was revoked, and Appellant was placed into custody. On September 22, 2006, Appellant was sentenced to a mandatory minimum sentence of not less than 7 nor more than 15 years of imprisonment for the possession with intent to distribute conviction and a concurrent sentence of the same length of time on the criminal conspiracy conviction. Appellant was subject to a mandatory minimum sentence of 7 years based upon a prior drug trafficking conviction and the amount of drugs that were recovered.[4]

¶ 4 Appellant filed a timely Notice of Appeal to this Court on October 6, 2006. The trial court did not order the Appellant to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. § 1925(b), nor did the trial court file an opinion pursuant to Pa.R.A.P. § 1925(a). Rather the trial court stated in a letter to the Supervisor of the Appeals Unit at the Criminal Justice Center in Philadelphia that the reasons for the jury's determination are apparent in the record and, therefore, no opinion was necessary. With such observation by the trail court we do not necessarily agree.

¶ 5 On November 3, 2006, Appellant filed a "Petition for Remand to the Common Pleas Court of Philadelphia" with this

---

1. 35 P.S. § 780–113.

2. 35 P.S. § 780–113.

3. 18 Pa.C.S.A. § 903.

4. 18 Pa.C.S.A. § 7508(a)(3)(iii).

Court, asking that we remand this matter to the lower court based upon the following newly discovered evidence:

> Colleen Brubaker, the Commonwealth's laboratory technician who testified by stipulation as to that nature and weight of the drugs in this case as well as the chain of custody of those drugs, had been exposed as a corrupt and criminal individual who had abused her position of trust with the Philadelphia Police Department and had been charged with stealing drugs from the lab.

Appellant's Brief, p. 6.

¶ 6 Together with his November 3, 2006 petition, Appellant submitted an article published in *The Philadelphia Inquirer* on October 12, 2006, six days after his Notice of Appeal was filed, which disclosed that Colleen Brubaker was arrested and accused of "skimming drugs for personal use instead of securing the evidence for prosecution in drug cases." Barbara Boyer, *A Formula for Chaos in Courts*, The Philadelphia Inquirer, Oct. 12, 2006, p. A1.

¶ 7 On December 1, 2006, this Court denied Appellant's "Petition for Remand" without prejudice to the Appellant's right to request the relief sought in that petition in his appellate brief to this Court. *Commonwealth v. Rivera*, No. 03–06–0227 1/1 (Pa.Super., Dec. 1, 2006).

### QUESTIONS ON APPEAL

¶ 8 Appellant presents two questions for this Court's consideration on appeal:

1. Was the Appellant deprived of a fair trial by reason of prosecutorial misconduct in the prosecutor's closing speech to the jury which vouched for the credibility of the Commonwealth's police witnesses and urged the jury to send a message of support to law enforcement by convicting Appellant?

2. Should this Court remand this matter to the Court of Common Pleas for further proceedings based upon newly discovered evidence regarding the corrupt and criminal activities of Colleen Brubaker, the prosecution's expert laboratory technician, regarding proof of chain of custody, the identity of the contents of exhibit C–2 (the bag that was supposed to contain cocaine) and the weight of the substances contained therein?

Appellant's Brief, p. 2.

### STANDARD OF REVIEW

■ ¶ 9 Our standard of review of a trial court's decision to reject a claim of prosecutorial misconduct is limited to a determination of "whether the trial court abused its discretion." *Commonwealth v. Harris*, 884 A.2d 920 (Pa.Super.2005) (Quoting *Commonwealth v. DeJesus*, 567 Pa. 415, 787 A.2d 394 (2001), *cert. denied*, 537 U.S. 1028, 123 S.Ct. 580, 154 L.Ed.2d 441 (2002)).

### DISCUSSION

■ ¶ 10 Appellant objects to various statements made by the prosecution during the trial including, *inter alia*, the following statement made in the prosecutor's closing address to the jury:

> What a reasonable doubt means is that we didn't prove the case, that these officers didn't do their jobs, they are all a bunch of liars. These officers did their jobs. I want you to tell them that they did their job. I want you to tell them that they proved that he was out there that night to sell drugs to Sergeant DiJoseph. (N.T., Volume 2, 10/12/05, p. 43.)

■ ¶ 11 Though defense counsel objected and indicated at that time that he did not want to "keep objecting", the lower

court did not give a cautionary instruction or admonish the prosecutor for such remarks. (N.T., Volume 2, 10/12/05, pp. 46–47.) A cautionary instruction can cure a claim of prosecutorial misconduct. *Harris, supra* at 926.

¶ 12 Although there is no Pennsylvania case law directly on point, the federal appellate courts have held that it is improper prosecutorial conduct to argue to the jury that it (the jury) must believe that government agents are lying in order to find the defendant not guilty. *See United States v. Urie,* 183 Fed.Appx. 608 (9th Cir.2006), and *United States v. Sanchez,* 176 F.3d 1214 (9th Cir.1999). A jury is asked to consider the evidence presented at trial and to make a determination as to whether each element of the crime(s) charged has been proven beyond a reasonable doubt. For the prosecution to indicate to the jury that if it does not find the defendant guilty, it is in fact calling the police "liars" is to inject an issue into the case beyond the issue of the guilt or innocence of the accused and is calculated to inflame and prejudice the jury members against a defendant. We remind both the lower court and the prosecutor, upon remand of this matter, of the sage words of the Supreme Court of Pennsylvania that:

> A prosecutor must act properly during the entire trial. His or her conduct during trial should neither be vindictive nor should he or she attempt in any manner whatsoever to influence the jury by arousing their prejudices.

*Commonwealth v. Johnson,* 527 Pa. 118, 128, 588 A.2d 1303, 1308 (1991).

¶ 13 With reference to Appellant's second question on appeal, we find Pa.R.Crim.P. 720(C) to be controlling in the instant matter:

> **After–Discovered Evidence.** A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery.

Pa.R.Crim.P. 720(C).

¶ 14 The Commonwealth contends that Appellant may not raise a claim of newly discovered evidence for the first time on direct appeal, relying upon *Commonwealth v. Kohan,* 825 A.2d 702 (Pa.Super.2003), which held that claims of after-discovered evidence raised for the first time on direct appeal, like claims of ineffective assistance of counsel, will generally be dismissed without prejudice to the assertion of such claims in a timely filed petition under the PCRA. However, Pa.R.Crim.P. 720(C) was re-written in 2005 (after our decision in the *Kohan* case), and the comments to that Rule indicate that:

> Unlike ineffective counsel claims, which are the subject of *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), paragraph (C) requires that any claim of after-discovered evidence must be raised promptly after its discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; *after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process,* and *should include a request for a remand to the trial judge* ... *Commonwealth v. Kohan,* 825 A.2d 702 (Pa.Super.2003), is superseded by the 2005 amendments to paragraphs (A) and (C) of the rule.

Pa.R.Crim.P. 720(C), comment. (Emphasis Added).

¶ 15 In the case at Bar, because the after-discovered evidence was discovered during the direct appeal stage (the direct appeal was filed on 10/6/06 and the *Inquirer* article was circulated on 10/12/2006),

Appellant's counsel timely followed the procedure as enunciated in Pa.R.Crim.P. 720(C) by immediately petitioning this Court for a remand of Appellant's instant appeal to the trial court for its consideration. Although we did not grant that petition, we left the issue open without prejudice to Appellant's raising the issue in his brief to this Court on appeal. He has now done so and has reiterated his request for an evidentiary hearing with regard to the stipulated testimony of Colleen Brubaker. Appellant argues that he is entitled to a remand for consideration of this after-discovered evidence as to Ms. Brubaker's corruption and her illegal practices. We agree.

¶ 16 To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. *Commonwealth. v. Dennis,* 552 Pa. 331, 715 A.2d 404 (1998). At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Although it would appear likely that a new trial is warranted in this case, procedure demands that the lower court develop the record and make that call in the first instance. *See* Pa. R.A.P. 302(a). Based upon the information in the briefs and the certified record, we find it unlikely that Appellant could have discovered Colleen Brubaker's alleged criminal activities before his trial ended in October of 2005. Consequently, this after-discovered evidence is neither corroborative nor cumulative since at no time was the veracity of Colleen Brubak-er's testimony questioned at trial; to the contrary, both the Appellant and the prosecution stipulated that Ms. Brubaker would state at court that the bag recovered in relation to this particular crime contained 137.5 grams of cocaine. (N.T., 10/12/05, p. 212). Who knows whether this was or was not a truthful rendition of her "so-called" expert opinion. Moreover, the after-discovered evidence does much more than simply impeach the testimony of Colleen Brubaker, it calls into serious question the type and amount of drug upon which Appellant's conviction and sentence is based.

¶ 17 Judgment of Sentence vacated. Remanded for an evidentiary hearing consistent with this Memorandum in order to determine if a new trial is required based upon either after-discovered evidence or prosecutorial misconduct, and, if not, for the re-imposition of sentence. Jurisdiction relinquished.