J-S88010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| QUIR RANDALL | |
| Appellant | No. 2961 EDA 2014 |

Appeal from the Judgment of Sentence September 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003557-2012

BEFORE:  OLSON, RANSOM and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 13, 2016**

Appellant, Quir Randall, appeals from the judgment of sentence entered on September 25, 2014, following his jury trial convictions for attempted murder[1] and possessing an instrument of crime (PIC).[2]  During the pendency of this appeal, Appellant presented an after-discovered evidence claim and requested a remand for an evidentiary hearing.  Upon careful consideration, we remand for further proceedings consistent with this memorandum.

We briefly summarize the facts and procedural history of this case as follows.  On April 24, 2014, a jury found Appellant guilty of the

_____

[1] 18 Pa.C.S.A. §§ 2502 and 901.

[2]  18 Pa.C.S.A. § 907.

*Retired Senior Judge assigned to the Superior Court.

aforementioned charges in a shooting in Philadelphia, Pennsylvania. On September 25, 2014, the trial court sentenced Appellant to 10 to 20 years of incarceration for attempted murder and a consecutive term of 5 years' probation for PIC. On October 23, 2014, Appellant filed a notice of appeal to this Court. After a series of proceedings to determine Appellant's legal representation, appointed counsel filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) in February 2016. On March 15, 2016, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). In his brief on appeal to this Court, Appellant argues that there was insufficient evidence to support his convictions.

On September 15, 2016, Appellant filed a motion to remand the case to the trial court for a hearing on after-discovered evidence. By *per curiam* order entered on October 17, 2016, we denied relief for lack of specificity as to the alleged after-discovered evidence. On October 28, 2016, Appellant filed a motion to reconsider his request for a remand for an evidentiary hearing on after-discovered evidence. Attached to the motion to reconsider, Appellant affixed an affidavit from Mark Henderson. Henderson purports to be an alibi witness for Appellant and his co-defendant, claiming all three men were a block away from the crime and that Appellant was wearing a red-hooded sweatshirt whereas Commonwealth witnesses described the assailant as wearing black clothing. Henderson further claims he could not come forward sooner because he was a prison escapee. Thus, Appellant

asks us to remand the case to the trial court for an evidentiary hearing on the alleged after-discovered evidence.

On November 9, 2016, the Commonwealth filed an answer in opposition to Appellant's motion to reconsider his request for a remand for an evidentiary hearing on after-discovered evidence. The Commonwealth argues that a new trial is not warranted because Appellant did not use reasonable diligence to discover the proffered evidence until after trial "given that [Appellant] was purportedly with the putative witness at the time of the shooting." Commonwealth's Answer, 11/19/2016, at ¶ 6. The Commonwealth further contends that even if the proffered evidence could be deemed new, "the fact that the witness could supposedly contradict testimony regarding [Appellant's] clothing is inconsequential" because "[f]our eyewitnesses [] stood a short distance away from the mid-afternoon shooting and all knew [Appellant] and his brother [and] co-defendant." *Id.* at ¶ 6. Finally, the Commonwealth posits that Henderson characterized himself as an escapee and, "therefore, he was not unavailable but rather unwilling to act as a witness for [Appellant]." *Id.* at ¶ 7.

Pennsylvania Rule of Criminal Procedure 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). The comment to Rule 720 states that "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a

request for a remand to the trial judge[.]" Pa.R.Crim.P. 720, Comment. "[A] motion [for remand] must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing." **Commonwealth v. Castro**, 93 A.3d 818, 827 (Pa. 2014). Moreover, because Appellant raises alleged after-discovered evidence for the first time on direct appeal, we may not evaluate whether his claim actually meets the four-part test for after-discovered evidence.[3] Instead, "procedure demands that the [trial] court develop the record and [determine whether a new trial is warranted] in the first instance." **Rivera**, 939 A.2d at 359, *citing* Pa.R.A.P. 302(a). "At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of [the four] factors has been met in order for a new trial to be warranted." **Id.**

Here, Appellant followed the proper procedure for asserting his after-discovered evidence claim during the pendency of his direct appeal. Appellant explained the substance of the proffered testimony and included an affidavit from Henderson to support his claim. In doing so, Appellant met

---

[3] To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. **Commonwealth v. Rivera**, 939 A.2d 355, 359, (Pa. Super. 2007).

the *prima facie* pleading requirements for an evidentiary hearing under Rule 720. Thus, we remand this case to the trial court for an evidentiary hearing to determine whether Appellant has proven, by a preponderance of the evidence, that he is entitled to a new trial. Because our remand requires the trial court to conduct further proceedings, thus giving it an opportunity to render a new decision, the trial court's ultimate determination will result in a new, appealable order.[4]

Motion to reconsider Appellant's request for remand for an evidentiary hearing on after-discovered evidence granted. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

---

[4] If Appellant does not receive a new trial based upon newly-obtained evidence, he is entitled to file another direct appeal from the judgment of sentence and may also challenge the remand proceedings in that subsequent appeal.