J-S77020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS PRESTON SMITH | |
| Appellant | No. 1977 MDA 2015 |

Appeal from the Judgment of Sentence December 17, 2013
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002675-2010

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 16, 2016**

Appellant, Douglas Preston Smith, appeals from the judgment of sentence entered on December 17, 2013, following his jury trial conviction for third degree murder.[1]  During the pendency of this appeal, Appellant presented an after-discovered evidence claim and requested a remand for an evidentiary hearing.  The Commonwealth has not responded to Appellant's remand request.  By order of August 22, 2016, Appellant's request was deferred to this panel.  Upon careful consideration, we remand for further proceedings consistent with this memorandum.

We briefly summarize the facts and procedural history of this case as follows.  On October 31, 2013, a jury found Appellant guilty of third degree

_____

[1] 18 Pa.C.S.A. §§ 2502(c).

*Retired Senior Judge assigned to the Superior Court.

murder in the 2001 killing of Tina Myers. The evidence at trial showed that a hiker discovered Myers' body on December 4, 2001 near Holly Springs, Pennsylvania. A subsequent autopsy revealed that Myers had been beaten and strangled. Expert testimony identified Appellant as the source of DNA recovered from semen found in the victim's throat and retrieved from her fingernails. In addition, Arthur Hebert, a former inmate who served time with Appellant at SCI Camp Hill, testified that Appellant described how he choked and beat Myers. On December 17, 2013, the trial court sentenced Appellant to 20 to 40 years' incarceration.

Following the denial of post-sentence motions, Appellant filed a timely notice of appeal to this Court. A timely concise statement of errors complained of on appeal followed. *See* Pa.R.A.P. 1925(b). On January 14, 2016, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a). In his brief on appeal to this Court, Appellant argues there was insufficient evidence to support his conviction and that the trial court abused its discretion in fixing his sentence.

On August 2, 2016, Appellant filed a motion to remand the case to the trial court for a hearing on after-discovered evidence. By *per curiam* order entered on August 22, 2016, this Court deferred disposition of Appellant's remand motion to a merits panel. We now turn our attention to Appellant's request.

Appellant's motion alleged the following. Although the victim was killed in December 2001, Appellant was not questioned until June 2005 and,

thereafter, he was not arrested and charged until 2010. At the time of Myers' death, Appellant resided in a community corrections center known as Capitol Pavilion in Harrisburg, Pennsylvania. Paper records for the Capitol Pavilion from December 2001 are no longer available, as the facility has transitioned to digital recordkeeping. Although no records were available, the Commonwealth at trial called former employees from Capitol Pavilion who recalled that Appellant was unaccountable sometime in December 2001. Appellant alleges that, when he was questioned in 2005 and later arrested in 2010, he could not recall the identity of an individual who could corroborate his whereabouts in December 2001.

Appellant has now identified a potential *alibi* witness. Attached to his motion for remand, Appellant affixed an affidavit from Rajee Dancy. Dancy is an inmate who is presently serving time at SCI Huntingdon along with Appellant. Dancy also claims that he resided at Capitol Pavilion with Appellant in November and December 2001. According to Dancy's affidavit, Appellant was always present at Capitol Pavilion in November and December 2001. Appellant asserts that this evidence was previously unavailable, that it is not cumulative of other evidence introduced at trial, and that it would have changed the jury's verdict. Thus, Appellant asks us to remand the case to the trial court for an evidentiary hearing on the alleged after-discovered evidence. The Commonwealth has not responded.

Pennsylvania Rule of Criminal Procedure 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered

evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). The comment to Rule 720 states that "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge[.]" Pa.R.Crim.P. 720, Comment. "[A] motion [for remand] must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing." *Commonwealth v. Castro*, 93 A.3d 818, 827 (Pa. 2014). Moreover, because Appellant raises alleged after-discovered evidence for the first time on direct appeal, we may not evaluate whether his claim actually meets the four-part test for after-discovered evidence.[2] Instead, "procedure demands that the [trial] court develop the record and [determine whether a new trial is warranted] in the first instance." *Rivera*, 939 A.2d at 359, *citing* Pa.R.A.P. 302(a). "At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of [the four] factors has been met in order for a new trial to be warranted." *Id.*

---

[2] To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. *Commonwealth v. Rivera*, 939 A.2d 355, 359, (Pa. Super. 2007).

Here, Appellant followed the proper procedure for asserting his after-discovered evidence claim during the pendency of his direct appeal. Appellant explained the substance of the proffered testimony and included an affidavit from Dancy to support his claim.  In so doing, Appellant met the *prima facie* pleading requirements for an evidentiary hearing under Rule 720.  Thus, we remand this case to the trial court for an evidentiary hearing to determine whether Appellant has proven, by a preponderance of the evidence, that he is entitled to a new trial.  Because our remand requires the trial court to conduct further proceedings, thus giving it an opportunity to render a new decision, the trial court's ultimate determination will result in a new, appealable order.[3]

Application for remand for an evidentiary hearing on after-discovered evidence granted.  Case remanded for further proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016

_____

[3]  If Appellant does not receive a new trial based upon newly-obtained evidence, he is entitled to file another direct appeal from the judgment of sentence and may also challenge the remand proceedings in that subsequent appeal.

- 5 -