J-S30013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER RAYMOND DAVIS, | |
| Appellant | No. 1677 MDA 2016 |

Appeal from the Judgment of Sentence September 7, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000270-2013

BEFORE: SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 08, 2017**

Appellant, Christopher Raymond Davis, appeals from the judgment of sentence entered on September 7, 2016. We vacate and remand.

The trial court summarized the factual and procedural history of this case as follows:

> [Appellant] was charged with one count of criminal attempt/criminal homicide and two counts of aggravated assault.[1] A jury trial was held in November of 2013 whereby the jury convicted [Appellant] of all three counts. However, prior to the verdict being rendered by the Jury, [Appellant] fled the courthouse and a bench warrant was issued for [Appellant's] arrest.

> [1] 18 Pa. C.S. § 901(a); 18 Pa. C.S. § 2501(a); 18 Pa. C.S. §§ 2702(a)(1) and 2702(a)(4).

> Subsequently, [Appellant] was incarcerated at Riker's Island, New York. Thereafter, [Appellant] was brought to Lebanon County for sentencing, which took place on

September 7, 2016. [Appellant] received a sentence of 20-40 years to be run consecutive to all other sentences.

Counsel was appointed on September 8, 2016 to represent [Appellant] for purposes of perfecting an appeal. Appointed counsel filed Post-Sentence Motions, which [the trial court] denied as they were filed outside the 10 day time bar. Thereafter, a notice of appeal was filed on October 5, 2016 and [the trial court's Pa.R.A.P. 1925(b)] order was filed on October 19, 2016. [Appellant] filed his Concise Statement of Errors Complained of on Appeal [on November 1, 2016].

Trial Court Opinion, 11/29/16, at 1–2 (some footnotes omitted).

Before we reach Appellant's issues on appeal, we note that on July 3, 2017, Appellant's counsel filed with our Court a motion for remand. In the motion, Appellant's counsel informed this Court that on June 13, 2017, he received a letter from Michael McGrath ("McGrath"). In the letter, McGrath alleged that he had witnessed the events leading to Appellant's incarceration and was willing and able to provide exculpatory evidence. Attached to the motion was a copy of McGrath's letter to Appellant's counsel, in which he explained that while he was familiar with Appellant, he did not previously know him. McGrath also addressed the conflict between Appellant and the victim from his perspective as a bystander, and the presence of an unknown individual who committed the stabbing. Finally, McGrath pointed to his own incarceration at the time of the trial and the fact that he did not know Appellant in explaining why he had not come forward with his testimony earlier.

We note that a post-sentence motion for a new trial on the grounds of newly discovered evidence must be filed promptly after the evidence has been discovered. *Commonwealth v. Rivera*, 939 A.2d 355, 358 (Pa. Super. 2007); Pa.R.Crim.P. 720(C). Additionally, this Court has held that an appellant may assert claims of newly-discovered evidence for the first time on direct appeal. *Rivera*, 939 A.2d at 358; Pa.R.Crim.P. 720(C).

When seeking remand on direct appeal, the appellant must show by a preponderance of the evidence that the following factors have been satisfied:

> (1) The evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

*Rivera*, 939 A.2d at 359 (citing *Commonwealth v. Dennis*, 552 Pa. 331 (1998)).

Instantly, Appellant's counsel received the letter from McGrath while this matter was pending on direct appeal. Appellant's counsel then promptly drafted and filed the motion for remand on July 3, 2017, within thirty days of receiving the letter; thus, the motion was promptly filed.

Moreover, it appears that Appellant could not have discovered McGrath's testimony prior to trial. Not only was McGrath incarcerated, but it was not until the two met in the Lebanon County Correctional Facility that Appellant knew that McGrath witnessed the stabbing. This evidence does

not appear to be merely corroborative or cumulative. Rather, if the trial court were to accept McGrath's testimony as true, it would exculpate Appellant. Furthermore, McGrath's testimony explains in detail the events that led up to Appellant's incarceration. In sum, we conclude that Appellant has satisfied the aforementioned requirements. Accordingly, we grant Appellant's motion for remand, vacate Appellant's judgment of sentence, and remand this matter to the trial court for an evidentiary hearing to determine if a new trial is warranted on the grounds of newly discovered evidence and, if not, for the re-imposition of sentence. *Rivera*, 939 A.2d at 359.

Motion for remand granted. Judgment of sentence vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017

_____

[1] On June 27, 2017, Appellant filed a *pro se* motion for substitution of counsel. In light of our decision, we deny Appellant's *pro se* motion without prejudice to his ability to raise this issue on remand before the trial court.