J-S58018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTINA LAREA LORENZ | : | |
| | : | |
| Appellant | : | No. 363 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 23, 2019
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000108-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                    FILED JANUARY 13, 2020

Appellant, Christina Larea Lorenz, appeals from the judgment of sentence of 20 to 60 months' incarceration, imposed after she was convicted by a jury of aggravated assault, simple assault, and recklessly endangering another person (REAP).  After review, we vacate Appellant's judgment of sentence and remand for further proceedings consistent with this memorandum.

Briefly, Appellant was convicted of the above-stated crimes based on evidence that on March 12, 2017, she stabbed her fiancé, Tyler Spacht, in his torso.  At her jury trial, Appellant presented a self-defense claim, alleging that she stabbed Spacht because he was sexually assaulting her at gunpoint.  In rebutting Appellant's claim of self-defense, the Commonwealth presented evidence that, inter alia, no gun had been found in or around the home shared by Appellant and Spacht, where the stabbing had occurred.

On September 27, 2018, the jury convicted Appellant of the crimes set forth supra. On January 18, 2019, she was sentenced to an aggregate term of 20 to 60 months' incarceration. She filed a timely post-sentence motion, which was denied. Appellant then filed a timely notice of appeal, and she also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, she preserved the following five claims that she raises on appeal:

> I. Was the verdict, as it pertains to the conviction of aggravated assault, simple assault, and [REAP], against the weight of the evidence?

> II. Was the verdict, as it pertains to the conviction of aggravated assault, simple assault, and [REAP], against the sufficiency of the evidence?

> III. Was the denial of Appellant's counsel's motion to continue appropriate given the circumstances?

> IV. Was the instruction given to the jury by the trial court judge improper, unfair, or pressing upon the jury to reach a decision through the undue use of time constraints?

> V. Was the sentence, as it pertains to the conviction of aggravated assault, simple assault, and [REAP], against the weight of the evidence presented?

Appellant's Brief at 5.

Before the trial court could issue a Rule 1925(a) opinion addressing these issues, Appellant filed with the court a "Petition for Remand and New Trial," alleging that she has discovered new evidence.[1] On May 9, 2019, the

---

[1] We observe that Appellant first raised this newly-discovered evidence claim in a "Petition for Mistrial" filed on March 19, 2019. On May 3, 2019, the court

trial court issued an order forwarding Appellant's petition for remand to this Court, and stating that it will wait to file a Rule 1925(a) opinion on Appellant's other issues until we reach a decision on that petition. See Order, 5/9/19, at 2-3.

Thus, we begin by addressing Appellant's petition for remand. Therein, she explains the new evidence that she has discovered, as follows:

> 5. On or about Wednesday[,] February 27, 2019, [Appellant's] mother attended a motion[s] [hearing] pro se to ask the [court] for assistance in reclaiming pieces of [Appellant's] personal property that were still at the residence of the victim. At [the hearing], the Commonwealth disclosed that the victim has since moved, and while the victim was packing up and moving items from his prior residence, a firearm was discovered hidden in the bathroom.

> 6. This information significantly changes the Commonwealth's case against [Appellant] and would raise significant questions about the nature of the events that gave rise to [Appellant's] charges. This information was never disclosed to [Appellant's] counsel.

---

issued an order denying that petition, indicating that a mistrial was not the appropriate remedy for Appellant's claim, but, instead, that she must seek relief "consistent with the Pennsylvania Rules of Criminal Procedure Rule 720." Order, 5/3/19 at 1 (unnumbered); see also Comment to Pa.R.Crim.P. 720(C) ("[A]fter-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge[.]"). The same day the court denied her motion for a mistrial, Appellant filed her "Petition for Remand and New Trial."

Petition for Remand, 5/3/19, at 1-2 (unnumbered). Attached to her petition, Appellant included a transcript of the February 27, 2019 hearing, which confirms that the Commonwealth stated that Spacht discovered a gun in the residence where the stabbing occurred. See N.T. Hearing, 2/27/19, at 8.[2]

Based on this record, we conclude that remand for an evidentiary hearing is warranted. We recognize that in Appellant's petition for remand, she failed to explicitly "describe the evidence that will be presented at the hearing." Commonwealth v. Castro, 93 A.3d 818, 827 (Pa. 2014) (holding that "a motion [for a hearing on after-discovered evidence] must, at the very least, describe the evidence that will be presented at the hearing"). In Castro, our Supreme Court found Castro's offer of proof insufficient to warrant a hearing because Castro's after-discovered evidence claim was premised only on a newspaper article detailing misconduct by a police officer, and Castro did not state any other evidence that he would present at a hearing to prove those allegations of wrongdoing. Id. Here, unlike in Castro, Appellant is alleging the discovery of actual physical evidence, i.e., a gun. Furthermore, she has attached to her petition for remand the transcript of the motions hearing at which the Commonwealth admitted that Spacht discovered the gun inside the home where the stabbing occurred. Thus, a hearing in this case will not function as a mere "fishing expedition[,]" as in Castro, id. at 828, but will

_____

[2] At the request of Appellant, the February 27, 2019 motions hearing was transcribed and filed in the certified record on April 9, 2019.

instead provide an opportunity for Appellant to present this evidence to the trial court for its consideration in whether a new trial is warranted.

Consequently, we grant Appellant's petition for remand, and vacate her judgment of sentence. On remand, the trial court shall conduct an evidentiary hearing and determine, in the first instance, whether Appellant has demonstrated that her after-discovered evidence claim meets the four-prong test for obtaining a new trial. See Commonwealth v. Rivera, 939 A.2d 355, 359 (Pa. Super. 2007) ("To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted."); see also id. (concluding that "procedure demands that the lower court develop the record and make [a] call in the first instance" on whether after-discovered evidence warrants a new trial) (citing Pa.R.A.P. 302(a)). After the hearing, the trial court shall either order a new trial, or re-impose Appellant's judgment of sentence. In light of this disposition, we do not address the remaining issues Appellant presents herein, without prejudice to her right to reassert those claims in any subsequent appeal following remand.

Judgment of sentence vacated.  Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020