J-S26033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLENE L. DYNE | : | |
| | : | |
| Appellant | : | No. 1736 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000427-2018

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 30, 2020**

Marlene L. Dyne (Dyne) appeals the judgment of sentence entered by

the Court of Common Pleas of McKean County (trial court) contending that the

after-discovered evidence claim in her post-sentence motion was improperly

denied.  We affirm.

Dyne was charged with two summary offenses:  driving without a license

(75 Pa.C.S. § 1501(a)) as well as driving while operating privilege is

suspended or revoked (75 Pa.C.S. § 1543(b)).[1]  The alleged offense date was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Dyne was acquitted as to the related charge of criminal mischief, and her
acquittal as to that offense is not at issue in the present appeal.

May 19, 2018, and the trial was held on August 19, 2019. The central issue as to both summary offenses was whether Dyne was driving.

The chief Commonwealth witness, Bradly Lewis, testified at trial that on the evening of May 19, 2018, he was alone in his hunting cabin in McKean County. He was initially alerted by the sound of a crash, followed by banging on his front door. After he came outside, he saw Dyne, who he had known personally for about a year. Lewis saw Dyne walking away from the cabin toward a yellow Chevrolet Cavalier parked next to his own truck, which was visibly damaged from a collision with the Chevrolet. When Lewis approached Dyne, she attacked him with a "claw hammer." After the scuffle, Dyne got into the driver's seat of the Chevrolet and drove away, and Lewis reported the incident to the police.

Officer Matthew Batzel testified that he responded to the scene of the incident later that night. During his investigation, Batzel located Dyne at her residence a few miles away from Lewis' cabin. He noted that the yellow Chevrolet was parked at that home. The officer then filed charges against Dyne.

Dyne testified at trial that she was not driving the Chevrolet, but rather, her friend, William Wittenburg had taken the wheel that evening. She admitted to attacking Lewis with a hammer, but claimed that he was the initial aggressor. She also claimed that Wittenburg agreed to give her a ride to Lewis' cabin so that Dyne could confront him about his extra-marital romantic

- 2 -

involvement with Dyne's friend. However, Wittenburg did not testify and Dyne presented no further evidence to support her testimony.

The trial court found Dyne guilty of the two summary offenses. As to the driving without a license count, Dyne was released on her own recognizance pending appeal. As to the other summary offense, she was sentenced to a jail term of 60 days and a fine of $500.

In a post-sentence motion filed on September 27, 2019, defense counsel represented that Dyne had listed Wittenburg as a material witness pre-trial, but that counsel was unable to contact him until after the trial was over. The motion stated that on September 25, 2019, Wittenburg told counsel that although he did not remember the events of May 19, 2018, Dyne's account was possibly accurate. Wittenburg recalled having driven Dyne in the yellow Chevrolet on several occasions prior to the alleged offense date. However, Dyne's post-sentence motion did not include an affidavit from Wittenburg.

The trial court denied Dyne's post-sentence motion finding that new evidence did not entitle her to a new trial because Dyne should have been able to reach Wittenburg in time to have him testify, and even if presented to a jury, his testimony would be too vague to make a more favorable verdict likely. **See** Trial Court Opinion, 12/23/2019, at 2-3.

Dyne timely appealed the judgment of sentence after her post-sentence motion was denied,[2] raising the sole issue of whether her after-discovered evidence claim was properly denied without a hearing. Both Dyne and the trial court complied with Pa.R.A.P. 1925.[3]

Pa.R.Crim.P. 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." In order to obtain relief, a defendant must "demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008); *see also Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (same).

_____

[2] The timely filing of a post-sentence motion tolls the 30-day filing period for a direct appeal. *See* Pa.R.Crim.P. 720(A).

[3] The trial court's denial of Dyne's motion is reviewed under an abuse of discretion standard. *See Commonwealth v. Woeber*, 174 A.3d 1096, 1108 (Pa. Super. 2017) ("When we examine a trial court's decision to deny a new trial on the basis of after-discovered evidence, 'we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case.'" (quoting *Commonwealth v. Padillas*, 997 A.2d 356, 361 (Pa. Super. 2010), and *Commonwealth v. Bonaccurso*, 625 A.2d 1197, 1199 (Pa. Super. 1993)).

"[A]n appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007). A trial court may summarily rule on a post-sentence motion when it is determined that no hearing is necessary to resolve it. *See* Pa.R.Crim.P. 720(B)(2)(b) ("The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both.").

In *Small*, our Supreme Court clarified that after-discovered evidence is insufficient to merit relief if

> it is of the same character and to the same material point as evidence already adduced at trial. It is clear the terms "of the same character" and "to the same point" refer to distinct qualities of evidence; to be "merely corroborative or cumulative," newly discovered evidence must tend to prove material facts that were already in evidence at trial, and also be of the same grade or character of evidence as that produced at the trial to prove those material facts. If the new evidence is of a different and "higher" grade or character, though upon the same point, or of the same grade or character on a different point, it is not "merely" corroborative or cumulative, and may support the grant of a new trial based on after-discovered evidence.

189 A.3d at 974 (citations omitted).

The critical fact question at trial here was whether Dyne was the driver of a yellow Chevrolet that damaged Lewis' truck on May 19, 2018. As proof of that allegation, the Commonwealth presented direct testimonial evidence from Lewis, an eyewitness who identified Dyne as the driver. In her own defense, Dyne testified at trial that Wittenburg was the driver. Dyne then argued in her post-sentence motion that Wittenburg's newly discovered

statements would have been credible evidence of her innocence, making her acquittal more likely than not.

Importantly, though, Wittenburg's statements could only tend to prove circumstantially the same material point as Dyne's own testimony – her professed identity as a passenger. Wittenburg's vagueness and uncertainty made his statements of a lower grade or character than Dyne's testimony. Unlike Dyne, who swore definitively that she was not the driver on May 19, 2018, Wittenburg only said this was possibly true, and he was unwilling or unable to attest to that fact in a sworn affidavit.

Because Dyne put forward after-discovered evidence that fits the definition of "merely corroborative or cumulative," the trial court did not abuse its discretion in summarily denying Dyne's post-sentence motion. Having affirmed the trial court's order on this basis, it is unnecessary for this Court to determine whether Dyne satisfied the remaining factors of an after-discovered evidence claim. *See Commonwealth v. Solano*, 129 A.3d 1156, 1180 (Pa. 2015) ("As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones."); *see also Small*, 189 A.3d at 976 n.12 (suggesting that if after-discovered evidence is merely corroborative or cumulative, it will inform the court's analysis as to whether the evidence would make a different verdict likely).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020