J-A01019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY LEWIS | : | |
| | : | |
| Appellant | : | No. 3405 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001059-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY LEWIS JR. | : | |
| | : | |
| Appellant | : | No. 3407 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001520-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY LEWIS JR. | : | |
| | : | |
| Appellant | : | No. 3408 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003777-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|   |   |   |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY LEWIS JR. | : | |
| | : | |
| Appellant | : | No. 3409 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003172-2017

|   |   |   |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GREGORY LEWIS JR. | : | |
| | : | |
| Appellant | : | No. 3410 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001529-2018

|   |   |   |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GREGORY LEWIS JR. | : | |
| | : | |
| Appellant | : | No. 3411 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001795-2017

|   |   |   |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

GREGORY LEWIS JR.                     :
                                      :
                 Appellant            :    No. 3414 EDA 2019

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001528-2018

BEFORE:   BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 18, 2020**

Appellant, Gregory Lewis, Jr., appeals from the judgment of sentence entered on June 20, 2019, as made final by the denial of Appellant's post-sentence motion on October 23, 2019.  During the pendency of this direct appeal, Appellant filed an "Application for Remand," where Appellant requested that we remand this case to the trial court, so that the trial court may conduct an evidentiary hearing on Appellant's after-discovered evidence claim.  We grant Appellant's Application for Remand and thus remand this case for further proceedings.

The trial court summarized the underlying facts of this case:

> On November 21, 2016, [Appellant and Appellant's co-defendant, Vaughn Felix ("Felix") attempted to kidnap] Michael Davis, for the purpose of facilitating a robbery of the Verizon store in Forks Township, Northampton County, Pennsylvania.  That kidnapping attempt resulted in the death of Mr. Davis[.]
>
> On November 22, 2016, [Appellant and Felix kidnapped] Michael Derose, again for the purpose of facilitating a robbery of the Verizon store in Forks Township.  Mr. Derose escaped his captors and that robbery was not completed[.]

---

[*] Retired Senior Judge assigned to the Superior Court.

Both [of the above two] incidents followed a planning period in which [Appellant and Felix] staked out the Forks Township Verizon store, made a plan to kidnap store managers to let them into the store after hours, and followed Mr. Davis and Mr. Derose home after work to learn where they lived in order to facilitate the kidnappings. When [this] method failed after two attempts, [Appellant] and Felix moved on to another method of robbery, arriving at their chosen locations at or near closing time in order to ensure that they would remain undetected. To that end, [Appellant] and Felix arrived at J.C. Jewelers in Easton, Northampton County, Pennsylvania on December 23, 2016, entered the store, restrained the store employee, and stole items and cash valued at $70,000.00[.]

On January 5, 2017, utilizing the same method of late arrival and employee restraint, [Appellant] and Felix robbed the AT&T store in Bethlehem Township, Northampton County, Pennsylvania, stealing approximately $49,000.00 of electronic items[.]

On January 16, 2017, [Appellant and Felix] used this same method to rob the Verizon store in South Whitehall Township, Lehigh County, Pennsylvania, stealing $27,000.00 worth of merchandise[.]

Finally, on February 16, 2017, [Appellant and Felix] robbed the Verizon store in Wind Gap, Northampton County, Pennsylvania during inclement weather when no customers were present or likely to arrive, stealing items and cash totaling approximately $40,000.00[.]

After an investigation, [Appellant] was arrested on March 6, 2017, and found to be in possession of a cell phone and a tablet that had been stolen from one of the Verizon stores.

Trial Court Opinion, 10/23/19, at 2-3.

The jury found Appellant guilty of: one count of second degree murder; five counts of robbery; six counts of conspiracy to commit robbery; two counts of attempted robbery; one count of robbery of a motor vehicle; one count of conspiracy to commit robbery of a motor vehicle; seven counts of kidnapping;

seven counts of conspiracy to commit kidnapping; one count of attempted kidnapping; three counts of simple assault; three counts of conspiracy to commit simple assault; four counts of false imprisonment; one count of unlawful restraint; four counts of theft by unlawful taking; two counts of attempted theft by unlawful taking; four counts of receiving stolen property; three counts of possession of a firearm with intent to employ it criminally; and one count of possession of an instrument of crime.[1]

On June 20, 2019, the trial court sentenced Appellant to serve an aggregate term of life in prison, followed by a consecutive term of 113 years and 11 months to 227 years and 10 months in prison, for his convictions. Following the denial of Appellant's post-sentence motion, Appellant filed a timely notice of appeal.

On December 2, 2020, while Appellant's direct appeal was pending in this Court, Appellant filed an application for remand, based upon a claim of after-discovered evidence. Within Appellant's application, Appellant averred that his co-defendant, Vaughn Felix, "will now testify that any and all statements [Felix] made implicating [Appellant] in the Northampton County criminal homicide, attempted abduction, and commercial armed robberies were coerced or otherwise involuntary and false statements . . . and that

---

[1] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(ii), 903(a)(1), 901(a), 3702(a), 903(a)(1), 2901(a)(2), 903(a)(1), 901(a), 2701(a)(3), 903(a)(1), 2903(a), 2902(a)(1), 3921(a), 901(a), 3925(a), 907(b), and 907(a), respectively.

[Appellant] is factually innocent of the [crimes]." Appellant's Application for Remand, 12/2/20, at 2.

Appellant attached a signed, handwritten statement from Felix to his application, where Felix declared that Appellant "was never at any of th[e] scenes, nor did he participate or conspire in any of these crimes." Appellant's Application for Remand, 12/2/20, at Exhibit A. Further, Appellant attached sworn trial testimony from Felix, where Felix testified: "They scared me. They tricked me into believing I may be losing my life. I was unlawfully coerced into making a statement. Therefore, everything said on December 4, 2017, made by [me] was a lie, and I'm here today to say that that black man sitting at the [defense] table known as [Appellant] is innocent." *Id.* at Exhibit B.

Appellant requested that we remand this case to the trial court, so that the trial court may conduct an evidentiary hearing on his after-discovered evidence claim, in accordance with Pennsylvania Rule of Criminal Procedure 720. *Id.* at 6.

Within the Commonwealth's brief to this Court, the Commonwealth agrees that a remand is appropriate in this case, to allow the trial court to conduct an evidentiary hearing on Appellant's after-discovered evidence claim. Commonwealth's Brief at 13. We agree.

Pennsylvania Rule of Criminal Procedure 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). The comment to Rule 720 states that "after-discovered evidence

- 6 -

discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge." Pa.R.Crim.P. 720, Comment. "[A] motion [for remand] must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing." **Commonwealth v. Castro**, 93 A.3d 818, 827 (Pa. 2014). Moreover, because Appellant raises alleged after-discovered evidence for the first time on direct appeal, we may not evaluate whether his claim actually meets the four-part test for after-discovered evidence.[2] Instead, "procedure demands that the [trial] court develop the record and [determine whether a new trial is warranted] in the first instance." **Rivera**, 939 A.2d at 359, *citing* Pa.R.A.P. 302(a). "At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of [the four] factors has been met in order for a new trial to be warranted." **Id.**

Here, Appellant followed the proper procedure for asserting his after-discovered evidence claim during the pendency of his direct appeal. Appellant explained the substance of the proffered testimony and included a written statement and testimony from Felix to support his claim. In doing so,

---

[2] To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. **Commonwealth v. Rivera**, 939 A.2d 355, 359, (Pa. Super. 2007).

Appellant met the *prima facie* pleading requirements for an evidentiary hearing under Rule 720. Thus, we remand this case to the trial court for an evidentiary hearing to determine whether Appellant has proven, by a preponderance of the evidence, that he is entitled to a new trial. Because our remand requires the trial court to conduct further proceedings, thus giving it an opportunity to render a new decision, the trial court's ultimate determination will result in a new, appealable order.

Appellant's Application for Remand granted. Case remanded for further proceedings consistent with this memorandum. Appellant's Application for Oral Argument is denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/20