J-S06036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAHMAL MUNRO | : | |
| | : | |
| Appellant | : | No. 599 EDA 2021 |

Appeal from the PCRA Order Entered February 25, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006850-2017

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                              **FILED APRIL 20, 2022**

Appellant, Jahmal Munro, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On September 4, 2019, Appellant entered into a negotiated guilty plea to persons not to possess firearms.  The court sentenced Appellant to four to eight years of incarceration, concurrent to another sentence Appellant was serving in Delaware County.  Appellant did not file a direct appeal.

On December 4, 2019, Appellant filed a timely *pro se* first PCRA petition.  The court appointed counsel who, on December 12, 2019, filed an

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

amended petition alleging one ground for relief based on after-discovered evidence. (Amended PCRA Petition, 6/16/20, at 3).

On February 25, 2021, the PCRA court conducted an evidentiary hearing. The court summarized the testimony from the hearing as follows:

> The evidence [Appellant] claimed as [after-]discovered, was that the police officer in his case [Police Officer Thomas D'Alesio] had been charged with misconduct, (N.T. Hearing, 2/25/21, at 8), and that he was unaware of this information at the time of his guilty plea as his lawyer had not discussed this with him. (*Id.* at 9). [Appellant] further contends that had he known this information, he would not have pleaded guilty. (*Id.*)
>
> Assistant District Attorney Alicia Straining testified that discovery, which included a police misconduct disclosure packet, was sent to trial counsel Deon Browning on January 8, 2019, nine (9) months prior to [Appellant] entering a negotiated guilty plea. (*Id.* at 23).
>
> Trial counsel acknowledged receipt and review of discovery containing the police misconduct disclosure packet. (*Id.* at 30-31). Trial counsel further testified that it is his pattern of practice to discuss discovery with his clients. (*Id.* at 32). He further testified that he had multiple conversations with [Appellant], but does not remember the exact conversation. He however, clearly recalled, that much of the discussions revolved around [Appellant's] criminal case in Delaware County and its relation to his Philadelphia case and ability to have any sentence he may receive in Philadelphia to run concurrently to his Delaware County sentence, should he plead guilty. (*Id.* at 31-32).

(PCRA Court Opinion, 5/18/21, at 1-2) (record citation formatting altered, some capitalization omitted). At the conclusion of the evidentiary hearing, the PCRA court denied relief.

Appellant timely filed a notice of appeal on March 16, 2021. On March

24, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on April 12, 2021.

Appellant raises two issues on appeal.

Whether the court erred in not granting relief on the PCRA petition?

Whether the court erred in not granting relief of the PCRA petition alleging Appellant was prejudiced by after discovered evidence?

(Appellant's Brief at 4).[2]

In his first issue, Appellant argues that he would not have pled guilty had he known about the officer's misconduct at the time of his plea, even if the officer's misconduct was unrelated to his case. Appellant asserts the officer's misconduct constitutes after-discovered evidence sufficient to afford him relief. Appellant concludes the PCRA court erred in denying his petition, and this Court must grant relief. We disagree.

We review a PCRA court's order denying relief to determine whether the court's findings of fact are supported by the record, and whether its legal

---

[2] Appellant did not raise his second issue concerning prejudice in his Rule 1925(b) concise statement. (**See** Concise Statement, 4/12/21). Therefore, he waived it on appeal. **See Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa.Super. 2016), *appeal denied*, 639 Pa. 591, 161 A.3d 796 (2016) (stating: "Any issues not raised in a [Rule] 1925(b) statement will be deemed waived"). Moreover, Appellant further waived this issue by not developing it in the argument section of his brief. **See Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa.Super. 2020) (discussing waiver for failure to develop meaningful argument in brief).

conclusions are free from error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Further, a PCRA court's credibility determinations should be given great deference; we are bound by the credibility determinations of the PCRA court if those determinations are supported by the record. ***Commonwealth v. Johnson***, 600 Pa. 329, 345, 966 A.2d 523, 532 (2009).

This Court has explained:

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. [Even if it appears] likely that a new trial is warranted..., procedure demands that the [trial] court develop the record and make that call in the first instance.

***Commonwealth v. Rivera***, 939 A.2d 355, 359 (Pa.Super. 2007), *appeal denied*, 598 Pa. 774, 958 A.2d 1047 (2008) (internal citations omitted).

Instantly, the PCRA court explained its reasoning for denying PCRA relief as follows:

> [Appellant] alleges that he was unaware of the police misconduct discovery packet whilst trial counsel states that

he recalls receiving it and it is his pattern of practice to discuss discovery with his clients. Although trial counsel does not specifically recall discussing the misconduct information, he clearly recalls that the majority of the conversations with [Appellant] involved the correlation between [Appellant's] criminal cases in Delaware and Philadelphia Counties. Based on the testimony, the PCRA court believes that the police misconduct discovery was properly passed to defense counsel and discussed with [Appellant]. As such, th[e PCRA c]ourt has determined that the police misconduct evidence is not [after-discovered evidence] and therefore does not warrant relief.

(PCRA Court Opinion at 4).

The record supports the court's determination that Appellant cannot establish the first prong of the after-discovered evidence test. **See Rivera, supra**. As the PCRA court explained, trial counsel testified that he received the discovery packet which included the police misconduct report. We see no reason to disrupt the court's credibility determination.[3] **See Johnson, supra**. Therefore, the alleged after-discovered evidence was available to Appellant prior to his guilty plea. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

_____

[3] We note that Appellant has not alleged a claim for relief based on ineffective assistance of trial counsel.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022