J-S13015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRANT A. BARBOUR | : | |
| | : | |
| Appellant | : | No. 1385 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0000350-2015

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 20, 2023**

Grant A. Barbour (Appellant) appeals from the order dismissing the petition he filed pursuant to the Post Conviction Relief Act (PCRA).[1]  For the following reasons, we affirm.

The trial court previously explained:

On the evening of October 26, 2014[, A]ppellant's wife, Shneek Walker (the Victim)], was at her mother's home at 143 West Wyneva in […] Philadelphia.  Appellant arrived to pick up [the Victim] at or about 9:30 pm.  [The Victim,] who had previously taken Oxycodone, drove while [A]ppellant sat in the passenger seat.  [The Victim] drove toward I-76 Eastbound when the two began arguing.  After reaching the highway, and while arguing, [A]ppellant got out of the car.   After about ten minutes[, Appellant] returned to the car and [the Victim] drove again.

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Once [the Victim] reached a driving speed of approximately fifty-five miles per hour, [A]ppellant stated that he would kill himself and then said, "we're both going to die tonight." Quickly thereafter, [A]ppellant reached over and grabbed the steering wheel "and yank[ed] it toward the left." The car struck the center-dividing wall and flipped over twice. EMS removed [the Victim] from the car and transported her and [A]ppellant to the hospital.

Appellant repeatedly apologized and told [the Victim] to "just tell everybody that [she] lost control of the car."

State Trooper Michelle Naab, … responded to the scene of the accident at or about 10:00 pm. Appellant was out of the car and walking. Appellant told Trooper Naab he had been asleep at the time of the crash. After the vehicle was towed, Trooper Naab … went to HUP (University of Pennsylvania Hospital) to conduct interviews. Trooper Naab spoke with [A]ppellant first, as [the Victim] was not in stable condition until several hours later. Trooper Naab took statements from [the Victim] at 3:00 [a.m.] immediately following the accident on October 27, 2014, and again on October 29, 201[4].

[The Victim] was hospitalized from October 26, 2014 until November 14, 2014. [The Victim's] injuries included a broken fibula, punctured spleen, crushed ribs, fracture of her thoracic spine, and four plates and sixteen screws in her ankle. [The Victim] was transferred from trauma to the ICU where she underwent two surgeries. [The Victim] was discharged to rehab and required another surgery to remove the screws and plates from her ankle.

Upon his release from the hospital on October 27, 2014, the morning following the accident, [A]ppellant was placed under arrest. [The Commonwealth charged Appellant with attempted murder, aggravated assault, simple assault, terroristic threats, recklessly endangering another person, and possession of an instrument of crime. *See* 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2701(a), 2706(a), 2705, and 907(a).]

While he was in custody awaiting trial, [A]ppellant made repeated phone calls to [the Victim] while she was in the hospital and continued once she was discharged. Eight of the call recordings were played [at Appellant's non-jury] trial, following proper authentication, without objection.

Trial Court Opinion, 10/10/19, at 1-3 (record citations and footnotes omitted).

At trial, the Victim recanted her statements to police; she instead claimed she lost control of the car and accidentally caused the crash. N.T., 5/20/16, at 12-16. The Commonwealth impeached the Victim's testimony using her prior inconsistent statements to police and her testimony at the preliminary hearing. *Id.* at 17-35. The Commonwealth also played recorded telephone calls in which Appellant tried to convince the Victim to either recant or not appear at trial, while the Victim reiterated that Appellant had tried to kill her. *Id.* at 35-48.

This Court explained:

> [T]he trial court convicted [A]ppellant of the [ ] crimes. On July 18, 2016, the trial court imposed [a] sentence [of 18½ - 40 years in prison]. Appellant filed a timely motion to reconsider sentence, which the trial court denied on July 26, 2016.
>
> Appellant filed a timely notice of appeal. On August 2, 2018, this [C]ourt dismissed [A]ppellant's appeal for failure to file a brief. ***Commonwealth v. Barbour***, No. 2785 EDA 2016, *per curiam* order (Pa. Super. filed Aug. 2, 2018). On September 7, 2018, [A]ppellant filed a [PCRA] petition … seeking reinstatement of his direct appeal rights *nunc pro tunc*. The trial court reinstated [A]ppellant's direct appellate rights *nunc pro tunc* on October 23, 2018. This [C]ourt quashed [A]ppellant's appeal *sua sponte* on July 12, 2019 for failing to file a timely notice of appeal. ***Commonwealth v. Barbour***, No. 3586 EDA 2018, *per curiam* order (Pa. Super. filed July 12, 2019).
>
> Appellant filed a PCRA petition on August 30, 2019, in which he sought reinstatement of his direct appeal rights *nunc pro tunc*. The trial court granted [A]ppellant's petition … and [A]ppellant filed a notice of appeal that same day.

*Commonwealth v. Barbour*, 239 A.3d 88 (Pa. Super. July 22, 2020) (unpublished memorandum at 1-2) (footnote omitted, some parentheticals added).

This Court affirmed Appellant's judgment of sentence. *See Barbour*, 239 A.3d 88 (unpublished memorandum at 1)*.* Appellant did not seek leave to appeal to the Pennsylvania Supreme Court. Appellant *pro se* filed the instant PCRA petition on September 1, 2020. The PCRA court appointed Jules Szanto, Esquire (PCRA Counsel), to represent Appellant. PCRA Counsel filed an amended PCRA petition on September 30, 2021, contending, among other claims, that Attorney Carl Reginald Johnson (Trial Counsel), was ineffective. Amended PCRA Petition, 9/30/21, at 7-8. Thereafter, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition. Despite being represented, Appellant filed a *pro se* response. On April 29, 2022, the PCRA court dismissed the petition. On May 17, 2022, Attorney James Lloyd, III (Attorney Lloyd), entered his appearance and filed the instant appeal on Appellant's behalf.

Appellant raises the following issues:

[1]    Did the PCRA [c]ourt err when it denied [A]ppellant's PCRA petition where [T]rial [C]ounsel was ineffective for failing to:

    a. Review prior to trial, and utilize at trial, recorded telephone calls in which the [Victim] admitted [A]ppellant is not guilty of the crimes at issue;

    b. Call a witness who was a party to the recorded phone calls to testify that [the Victim] admitted [A]ppellant is not guilty of the crimes at issue; or,

b. Cross-examine [the Victim] regarding her motive to fabricate the allegations against [A]ppellant in order to avoid a mandatory prison sentence including, *inter alia*, her drug use prior to the vehicle crash at issue, her prior no contest plea to DUI, and her knowledge that a DUI conviction for this incident would result in mandatory incarceration?

[2] Did the PCRA [c]ourt err when it denied [A]ppellant's PCRA petition where [A]ppellant's conviction is the result of the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced, namely, testimony from [the Victim] and three other individuals which indicates that [the Victim] admitted after trial that she was under the influence of [Phencyclidine (PCP)] at the time of the accident, lied in order to avoid being arrested for a second DUI offense, and falsely blamed [A]ppellant for causing the accident because she was angry at him?

[3] Did the PCRA [c]ourt err when it denied [A]ppellant's PCRA petition where [T]rial [C]ounsel and/or PCRA [C]ounsel was ineffective for failing to:

a. Obtain [the Victim's] toxicology report from the hospital following the alleged crimes; or,

b. Obtain recorded telephone calls occurring after sentencing in which [the Victim] admitted [A]ppellant is not guilty of the crimes at issue?

Appellant's Brief at 4-5.

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

- 5 -

the PCRA court and the evidence of record, viewed in the light most favorable

to the party who prevailed in the PCRA court proceeding." ***Id.***

> [T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004).

***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

Appellant argues Trial Counsel and PCRA Counsel were ineffective. As

the Pennsylvania Supreme Court has explained:

> [C]ounsel is presumed to have been effective and the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce*** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations

modified). "Counsel cannot be found ineffective for failing to pursue a

baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted).

In his first issue, Appellant contends Trial Counsel was ineffective for failing "to utilize recorded telephone calls in which [the Victim] admitted that Appellant is not guilty of the crimes charged." Appellant's Brief at 25. He further argues Trial Counsel was ineffective for failing to call a witness who overhead the Victim admit Appellant was innocent, and for failing to cross-examine the Victim about her motive to falsely implicate him. ***Id.*** at 33, 39.

The Commonwealth counters that playing the phone calls would not have changed the trial's outcome. The Commonwealth states that because the calls occurred after the phone calls the Commonwealth played at trial, the trial court "properly gave more credence to the statements the Victim made within the first few days of the crash[.]" Commonwealth Brief at 9; ***see also id.*** at 10-11. The Commonwealth disputes Appellant's contention that Trial Counsel should have called a witness who allegedly overheard the Victim recant, alleging the testimony "would fall into the same category as other later statements made after [Appellant] had convinced [the Victim] to change her story." ***Id.*** at 12; ***see id.*** at 11-12. Further, the Commonwealth claims Trial Counsel had a reasonable strategy for not cross-examining the Victim about her motives to lie about the incident. ***Id.*** at 13.

In rejecting Appellant's argument, the PCRA court explained:

Trial counsel's strategy of not calling these witnesses [was] not ineffective, because the evidence was merely cumulative.

> Moreover, the trial court established that [Appellant] constantly harassed the [V]ictim, attempted to bribe her, and instructed her to hide from the police to avoid appearing at court. N.T. 45:10,95:24-25,96:6-18; 97:1-8 (May 20, 2016). This shows that he attempted to influence her testimony or have her recant. N.T. 92:16-17 (May 20, 2016).

PCRA Court Opinion, 9/19/22, at 7 (unnumbered).

The record supports the PCRA court's rationale. The trial court, sitting as factfinder: (a) discounted evidence of the Victim's recantation; (b) credited the Victim's statements and testimony about Appellant's culpability; and (c) credited evidence that Appellant pressured the Victim to recant. Appellant has not demonstrated that playing the telephone calls would have changed the result. *See Wholaver*, 177 A.3d at 144.

Appellant's claim that Trial Counsel should have called the witness who had overhead the Victim recant also fails. Again, this testimony was cumulative. "[T]rial counsel will not be found ineffective for failing to call a witness whose testimony would be cumulative." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa. 2008). The trial court rejected the Victim's recantation, and Appellant has not demonstrated that the witness's testimony would have changed the result. *See Wholaver*, 177 A.3d at 144.

Appellant further claims Trial Counsel was ineffective for not cross-examining the Victim about her motive to lie due to her fear of being prosecuted for DUI. Appellant's Brief at 39. The Victim testified that she lied to police and at the preliminary hearing because she was angry at Appellant. N.T., 5/20/16, at 14-16. She also testified she was driving under the influence

at the time of the incident. *Id.* at 15, 56-67. Under these circumstances, we agree that it was reasonable for trial counsel to not question the Victim further, because she was testifying favorably to Appellant. *See Commonwealth v. Hanible*, 30 A.3d 426, 451 (Pa. 2011) (holding trial counsel was not ineffective for failing to impeach a prosecution witness about his prior criminal record, where witness recanted his earlier statements to police and testified favorably to defendant).

In his second issue, Appellant argues he is entitled to a new trial based on after-discovered evidence. Appellant's Brief at 44-52. Appellant contends he obtained signed statements from the Victim in 2017 and 2021 in she which recanted her statements to police and her preliminary hearing testimony. *Id.* at 44-45. Appellant also claims to have obtained signed statements from Tyreese Barber, Gloria King, and Danita Bates claiming the Victim told them she had lied to police; that Appellant did not try to kill her; and she was under the influence of PCP during the incident. *Id.* at 46-47.

> The law is well-settled:
>
> The four-prong test for awarding a new trial because of after-discovered evidence is well settled. The evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict. *See Commonwealth v. Pagan*, [ ] 950 A.2d 270, 292 ([Pa.] 2008) (citations omitted).

*Commonwealth v. Castro*, 93 A.3d 818, 821 n.7 (Pa. 2014). In determining "whether the alleged after-discovered evidence is of such nature and character

that it would likely compel a different verdict if a new trial is granted ... a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." **Commonwealth v. Padillas**, 997 A.2d 356, 365 (Pa. Super. 2010). Also, "the proposed new evidence must be producible and admissible." **Castro**, 93 A.3d at 825. It is the petitioner's burden to prove by a preponderance of the evidence that he met each of the factors necessary for a new trial. **Commonwealth v. Rivera**, 939 A.2d 355, 359 (Pa. Super. 2007).

Here, the PCRA court rejected Appellant's after-discovered evidence claim because the "evidence and that testimony was known during the trial and initial appeal … and cannot be admitted as newly discovered evidence." PCRA Court Opinion, 9/19/22, at 9. We agree.

The Victim testified that her original statements to police and preliminary hearing testimony were not true, and she was intoxicated at the time of the incident. N.T., 5/20/16, at 12-16, 56-57. Thus, the Victim's affidavit affirming her trial testimony does not constitute after-discovered evidence. **Castro**, **supra**. Further, affidavits from third parties avowing that the Victim repeated this information are cumulative and do not constitute after-discovered evidence. **Id.**

In his third issue, Appellant claims PCRA Counsel was ineffective for "failing to obtain then utilize, recorded prison calls in which [the Victim]

admitted [A]ppellant was not guilty of the crimes[.]" Appellant's Brief at 52. Appellant further argues PCRA Counsel was ineffective for failing to "obtain and utilize [the Victim's] toxicology report." *Id.* at 63.

In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401. Because this is Appellant's first PCRA petition, and he presents this claim at the first opportunity following PCRA Counsel's withdrawal and Attorney Lloyd's entry of appearance, *Bradley* applies.

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022).

> In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

While Appellant asserts a "layered claim of ineffectiveness," *see* Appellant's Brief at 5, 52, he argues PCRA Counsel was ineffective for failing to utilize "the statement made by [the Victim] in the recorded phone calls … to support the claims that new evidence became available which, if presented

- 11 -

at the trial, would more likely than not have resulted in a different outcome." *Id.* at 54. Appellant makes this same claim with respect to the Victim's toxicology report, *i.e.*, PCRA Counsel should have obtained it "to support a claim that new evidence was available[.]" *Id.* at 63.

As discussed above, PCRA Counsel claimed Trial Counsel was ineffective for not utilizing prison phone calls in which the Victim recanted her statements to police. Since those phone calls were known at the time of trial, they cannot constitute after-discovered evidence and PCRA Counsel cannot be deemed ineffective. *Castro*, 93 A.3d at 821 n.7. To the extent Appellant refers to phone calls which occurred **after** trial, they would not have bolstered his claim of after-discovered evidence, because, like the aforementioned affidavits, they were cumulative. *See id.*

Appellant also maintains PCRA Counsel was ineffective for failing to obtain the Victim's toxicology report. Appellant's Brief at 63. Appellant has not identified the report or shown that it exists. Appellant claims the Victim told him her "medical records reflect the presence of PCP in her system[.]" *Id.* However, Appellant's amended PCRA petition states, "**all medical records** were passed to Trial Counsel through mandatory discovery and were made part of the trial record through a stipulation by Trial Counsel and the Assistant District Attorney[.]" Amended PCRA Petition, 9/30/21, at 10 (emphasis added). Even if there is a report indicating the Victim was under the influence of PCP, Appellant has not demonstrated how it would support his

after-discovered evidence claim. It is undisputed that the Victim had ingested drugs.[2] N.T., 5/20/16, at 15, 56-67. Thus, the report would not qualify as after-discovered evidence. ***Castro***, ***supra***.

In sum, Appellant's claims do not merit relief. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

P.J.E. Stevens joins the memorandum.

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2023

---

[2] Appellant does not explain the relevance of whether the Victim was under the influence of Oxycodone or PCP. ***See*** Appellant's Brief at 39. At trial, Appellant sought to prove the Victim lied to police because she was afraid of being charged with a DUI and going to prison; the substance the Victim ingested was not at issue.