J-S17042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARVIN AVILES | : | |
| | : | |
| Appellant | : | No. 1746 EDA 2023 |

Appeal from the PCRA Order Entered June 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011913-2007

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 06, 2024**

Appellant, Marvin Aviles, appeals from the post-conviction court's June 1, 2023 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to our disposition of his instant appeal. The PCRA court summarized the pertinent procedural history of his case, as follows:

> On February 26, 2008, following a jury trial before this [c]ourt, [Appellant] was convicted of aggravated assault (18 Pa.C.S. § 2702(a)) and possession of an instrument of crime (18 Pa.C.S. § 907(a)) ("PIC"). On April 25, 2008, the [c]ourt imposed a sentence of seven to twenty years['] incarceration on the charge of aggravated assault and a concurrent sentence of one to two years['] incarceration on the charge of PIC. [Appellant] filed a post-sentence motion, which the [c]ourt denied on May 12, 2008. [Appellant] was represented at trial and through post-sentence motions by Richard Giuliani, Esquire.
>
> On August 10, 2008, [Appellant] filed a petition seeking relief under the PCRA. Elayne Bryn, Esquire, was appointed to

represent [Appellant]. On March 30, 2009, counsel filed an amended PCRA petition on [Appellant's] behalf and alleged that trial counsel had been ineffective in failing to file a direct appeal as requested by [Appellant]. On March 31, 2009, the [c]ourt granted the PCRA petition by agreement of counsel and issued an order reinstating [Appellant's] direct appeal rights[] *nunc pro tunc*. After [Appellant] filed a direct appeal *nunc pro tunc*, the Superior Court affirmed the judgment of sentence on April 15, 2010. [*See Commonwealth v. Aviles*, 998 A.2d 1009 (Pa. Super. 2010) (unpublished memorandum).] The Supreme Court denied *allocatur* on August 31, 2010. [*See Commonwealth v. Aviles*, 4 A.3d 157 (Pa. 2010).]

On June 2, 2022, [Attorney] Giuliani, trial counsel, re-entered his appearance on behalf of [Appellant]. [Attorney] Giuliani filed a PCRA petition on behalf of [Appellant] on July 29, 2022. On February 3, 2023, the Commonwealth responded to [Appellant's] petition. On April 14, 2023, the [c]ourt issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss [Appellant's] petition without an evidentiary hearing ("907 Notice"). The [c]ourt dismissed [Appellant's] PCRA petition on June 1, 2023.

PCRA Court Opinion (PCO), 8/17/23, at 1-2 (footnote omitted).

Appellant filed a timely notice of appeal, and he timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on August 17, 2023. Herein, Appellant states one issue for our review:

Did the [PCRA c]ourt err by failing to grant an evidentiary hearing to determine whether a new trial should be granted to Appellant based on subsequent prosecution and conviction of former detective Philip Nordo for assaulting and intimidating witnesses in his official capacity when he was one of two detectives who interviewed and obtained a statement from the victim who identified Appellant as the individual who shot him?

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

Although neither party, nor the PCRA court, mention the timeliness of Appellant's petition, we must begin by addressing that issue, because the PCRA time limitations implicate our jurisdiction and may not be disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2010, after our Supreme Court denied his petition for permission to appeal and the time expired for him to file an appeal with the United States Supreme Court.  *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking that review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).  Consequently, Appellant's present petition, filed in 2022, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, in Appellant's PCRA petition, he averred, in pertinent part, the following:

> 3. … [Appellant] was charged with shooting Stephen Hopkins on March 12, 2007, at 2908 N. Hancock Street in Philadelphia, Pennsylvania.

4. … Hopkins gave a statement to detectives on April 20, 2007, after being shown a photo array which included … [Appellant's] photograph. … Hopkins identified … [Appellant] as the individual who shot him and signed the statement.

5. One of the detectives who took the statement from … Hopkins was [former Philadelphia Police] Detective Philip Nordo. In addition, … Nordo prepared the photo array which included [Appellant] and showed it to … Hopkins.

6. … [Appellant] was subsequently arrested and charged as previously stated. At … [Appellant's] Preliminary Hearing on September 28, 2007, … Hopkins testified that … [Appellant] was not the individual who shot him and that he had been "coerced" by detectives into identifying [Appellant] as the shooter.

7. The statement given by … Hopkins was subsequently admitted into evidence and [Appellant] was held for court on all charges.

8. [Appellant] went to trial before a jury beginning on February 25, 2008. Again, when he testified at [Appellant's] trial, … Hopkins denied that [Appellant] was the individual who shot him. He was impeached, again, with his statement which was introduced as substantive evidence.

9. There was no other evidence admitted at trial identifying [Appellant] as the individual who shot … Hopkins.

***

15. On February 19, 2019, … Nordo was arrested and charged with numerous sexual offenses. It was alleged that … Nordo used his office and authority as a Philadelphia Police detective to attempt to assault witnesses and incarcerated defendants while on duty.

16. After a trial by jury, … Nordo was convicted on June 23, 2022, of a number of offenses under CP-51-CR-0001856-2019 and CP-51-CR-0004070-2021. Sentencing for … Nordo is currently scheduled for September 2, 2022.

17. … [Appellant] avers that the grounds for relief are as follows:

a. … Nordo's arrest, prosecution and conviction for offenses which he committed while on duty constitutes "newly discovered evidence" which would affect his credibility as a witness and would bolster the complainant's testimony that

- 5 -

he was "coerced" by detectives to identify … [Appellant] as the individual who shot him.

18 The allegations set forth above have not been previously litigated. These claims have not been waived, as they are being raised at the earliest opportunity in the proceedings and there is no [s]tate procedural default barring [f]ederal *habeas corpus* relief.

PCRA Petition, 7/29/22, at 1-3.

On appeal, Appellant reiterates his claim that former-detective Nordo's 2022 convictions in unrelated matters constitutes after-discovered evidence. He focuses his argument on contending that the PCRA court should have conducted an evidentiary hearing in this case to explore Hopkins' allegations that he was coerced by detectives into identifying Appellant. Appellant insists that "[t]he fact that … Hopkins [was allegedly] mistreat[ed] at the hands of former-detective Nordo years before Nordo was ever charged and arrested, and for the exact conduct that led to Nordo's investigation and prosecution[,] cannot be deemed a mere coincidence." Appellant's Brief at 10.[1] Appellant concludes that his "claims cannot be alleged to be a mere 'fishing expedition'" and that the court's failure to conduct an evidentiary hearing constituted an abuse of discretion. *Id.*

Preliminarily, we presume Appellant is attempting to satisfy the after-discovered-fact exception of section 9545(b)(1)(ii), although he fails to mention this exception, let alone specifically discuss the requirements of

---

[1] Notably, Appellant does not elaborate on how Hopkins' allegations of coercion by Nordo involved the 'exact conduct' for which Nordo was convicted, when in Appellant's petition, he claimed Nordo had been accused of committing sexual offenses against witnesses and incarcerated defendants.

meeting it. Nevertheless, we conclude that the averments set forth in his petition are sufficient to demonstrate the applicability of section 9545(b)(1)(ii). As this Court has explained: "The timeliness exception set forth in [s]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Here, Appellant asserted in his petition that he discovered the 'new fact' that Nordo had been convicted of various offenses in June of 2022. Appellant filed his petition in July of that same year. Thus, Appellant exhibited due diligence in asserting this newly-discovered fact. Accordingly, we will assess the merits of his claim.

In doing so, we are mindful that:

To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007) (internal citation omitted). Additionally, as the PCRA court aptly observed:

"It is well settled that [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (internal quotations omitted). Further, where a defendant seeks the reversal of a PCRA court's

decision to dismiss a defendant's petition without a hearing, [the] defendant must show "he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* … (quoting *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011)).

PCO at 4.

Instantly, the PCRA court explained its decision to deny Appellant's petition without a hearing, as follows:

Here, the [c]ourt properly denied [Appellant's] request for an evidentiary hearing because the proffered evidence of Nordo's misconduct in unrelated cases would not likely result in a different verdict if a new trial were granted. Nordo was not a witness at [Appellant's] trial. Therefore, evidence offered to impeach Nordo's credibility would have no probative value. [Appellant] maintains, however, that because Nordo's misconduct involved the coercion of witnesses, it would have been relevant to impeach the credibility of Stephen Hopkins, the victim, who was interviewed by Nordo and claimed that he had been coerced. *See* PCRA Petition at ¶ 17(a).

It is true that Nordo interviewed Hopkins at the time that Hopkins identified [Appellant] as his assailant. N.T.[,] 2/26/08[,] at 27-28. It is also true that at [Appellant's] preliminary hearing, Hopkins claimed that he was coerced by detectives during that interview to pick [Appellant] out of a photospread. N.T.[,] 9/28/07[,] at 17-18.[2] However, [Philadelphia Police] Detective [Francis] Graf was also present at that interview and testified at trial, as well as at the preliminary hearing, that there was no improper conduct during the interview by either Graf or Nordo. [*Id.*] at 21-22; N.T.[,] 2/26/08[,] at 21-28. [Appellant] has not

---

[2] We note that the transcript of the preliminary hearing is not contained in the certified record transmitted to this Court for review. "[T]he duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant." *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (citation omitted).

- 8 -

alleged, nor proffered any evidence to show, any history of misconduct on the part of Detective Graf.

Moreover, while Hopkins denied at trial that [Appellant] was the shooter, he also recanted his contention that the detectives coerced him to identify [Appellant]. N.T.[,] 2/25/08[,] at 45, 84-87.[3] Hopkins explicitly denied that he was coerced and testified that the detectives "just agreed with me that it was him. That's all." *Id.* at 87. Hopkins maintained throughout his trial testimony that he truly believed that [Appellant] was his assailant at the time that Hopkins selected [Appellant's] photograph from the photospread. *Id.* at 84, 87.

In addition, Hopkins' identification of [Appellant] from the photospread was strongly corroborated by his multiple consistent descriptions of the shooter. When the Superior Court rejected [Appellant's] direct appeal claim based on the weight of the evidence, it described this identification evidence as follows:

> Within five minutes of the shooting, at a house wherein the victim had sought assistance, the victim, who was bleeding but conscious, gave a description of the shooter that included his age, ethnicity, height, and dress; the victim also described the type of gun used to shoot him and the location of the attack. N.T.[,] 2/25/08[,] at 47-48; [N.T.,] 2/26/08[,] at 9-12, 21-28. The victim gave consistent descriptions of the shooter in two subsequent interviews, an informal interview at the hospital on March 12, 2007, and a formal interview at the police station on April 20, 2007. *Id.* At the formal interview, the victim identified a picture of [Appellant] from a photo array; and he stated that he had seen [Appellant] on the street earlier on the night of the attack.

*Commonwealth v. Aviles*, 1159 EDA 2009, [unpublished memorandum] at 3-4 ([Pa.] Super. … [filed] Apr[.] 15, 2010) (footnote omitted). Moreover, as to Hopkins' recantation of his identification of [Appellant], the Superior Court noted that "the

_____

[3] Specifically, when asked, "Do you know why you circled [Appellant's] photograph on April 20, 2007?", Hopkins replied, "I circled it because he was -- he looked like him in the photograph. I was hyped up and he looked like the person." N.T., 2/25/08, at 84. Hopkins further confirmed that, at the time he identified Appellant as the person who shot him, he believed it to be true. *Id.*

victim's recantation testimony was entirely inconsistent," given that Hopkins tried to both "avoid inculpating [Appellant] and avoid disavowing his former inculpatory statements," and that [Hopkins] "specifically reaffirmed his prior description of the shooter, which closely matched [Appellant]." *Id.* at 4-5. This led the Superior Court to credit this [c]ourt's conclusion that Hopkins "was simply unwilling to inculpate, in open court, an alleged gang member who was willing to shoot him in the neck for $800." *Id.* at 6.

Accordingly, the proffered after-discovered evidence of Nordo's misconduct in unrelated cases would not likely have resulted in a different verdict at [Appellant's] trial. Therefore, the [c]ourt did not err in dismissing [Appellant's] PCRA claim without a hearing. No relief is due.

PCO at 4-6 (some internal citations omitted).

On appeal, Appellant challenges the PCRA court's decision, insisting that "the fact that Detective Graf testified that no … coercion occurred cannot … end the inquiry[,]" and a hearing is warranted to determine "the length of time Detective Graf was partners with former detective Nordo, whether he knew of any alleged misconduct of Nordo at any time or whether he offered any information at any time regarding Nordo's illegal activities." Appellant's Brief at 10.

However, Appellant ignores that the PCRA court's decision was not solely premised on the fact that Detective Graf testified that Hopkins' identification procedure was proper. Instead, the court also relied on the fact that Hopkins ultimately denied that his identification was coerced by the detectives. The court also stressed that Hopkins' identification was strongly corroborated by other, consistent descriptions of the shooter, which matched Appellant. Herein, Appellant does not offer any counter to those aspects of the court's

decision. Given our review of the record, and the rationale expressed by the PCRA court, we agree that Appellant has failed to demonstrate that Nordo's alleged misconduct in an unrelated matter, committed years after Nordo participated in the instant investigation, would likely result in a different outcome if Appellant were afforded a new trial. Consequently, the court did not abuse its discretion in denying Appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2024